**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BRUCE L. SMALL,**

    **Plaintiff,**

**vs.**                                      **CASE NO. 4:20-cv-00499-TKW-MAF**

**STATE OF FLORIDA LEGISLATION,**

**et al.**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

This Cause comes before the Court upon *sua sponte* review of the record. Plaintiff, a prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis* (IFP). ECF No. 1, 4. In short, Plaintiff claims his criminal sentence is based on an unconstitutional statute. ECF No. 1. For the reasons stated below, the case should be dismissed for Plaintiff's failure to comply with court orders, failure to state a claim, and because it is futile to amend. Plaintiff's litigation history warrants discussion.

**I.  Relevant Procedural History & Plaintiff's Complaint, ECF No. 1**

Pursuant to Fed. R. Evid. 201, the Undersigned takes judicial notice of Plaintiff's cases filed in the United States District Court for the Southern District of Florida and finds the following are relevant to the instant case.

Ten years ago, Plaintiff filed a habeas petition pursuant to 28 U.S.C. § 2254, challenging his criminal conviction in Miami-Dade County Case No. F04-35108A, and making several claims of ineffective assistance of trial and appellate counsel. See S.D. Fla. Case No. 1:10-cv-22406-MGC. The court denied the petition on the merits. Id., ECF No. 21. In 2016, Plaintiff returned to the Southern District of Florida and challenged the same conviction and sentence as unconstitutional in S.D. Fla. Case No. 1:16-cv-20241-MGC. The case was dismissed as an unauthorized successive habeas petition. S.D. Fla. Case No. 1:16-cv-20241-MGC, ECF No. 11.

Earlier this year, on or about May 22, 2020, Plaintiff again returned to the Southern District of Florida and filed a complaint, pursuant to 42 U.S.C. § 1983, in S.D. Fla. Case No. 1:20-cv-22137-MGC. Plaintiff sued two of the defendants named in this instant case (the State of Florida Legislators and Judge Peter Adrien) as well as Miami-Dade County Circuit Court challenging his state criminal case. Plaintiff claims are identical to the ones he filed in the instant case. Specifically, Plaintiff alleged that the judge in his criminal case,

Judge Adrien, enhanced his sentence pursuant to an unconstitutional statute passed by the Florida legislature, which is in violation of the *ex post facto* clause of the Constitution. Id., ECF No. 1. Plaintiff asked the court to vacate his thirty-year prison sentence, to replace his sentence with a fifteen-year term with credit for time served, and damages in the amount of $4.5 million from the State of Florida "Legislation." Id. The magistrate judge issued a report recommending dismissal because Plaintiff was barred by Heck v. Humphrey, 512 U.S. 477 (1994). Id., ECF No. 7. On July 30, 2020, the district court adopted the report and dismissed the case. Id., ECF No. 8.

Less than three months later, Plaintiff filed a nearly identical complaint in this Court. ECF No. 1. Here, Plaintiff admitted to having raised the same or similar facts in his prior Section 1983 action S.D. Fla. Case No. 1:20-cv-22137-MGC. Id., p. 3. The only difference between the Complaint filed in the Southern District of Florida and the one filed here, in the Northern District of Florida, is the remedy Plaintiff seeks. Plaintiff asks this Court to strike down the statute providing for the enhancement of his sentence as unconstitutional. Id., p. 6. Plaintiff was granted leave to proceed IFP but was ordered to pay an initial partial filing fee of $10.00. ECF No. 4. Plaintiff did not comply with the Court's order.

## II. Standard of Review – Applicable Law for Screening

Because Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. § 1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. § 1915A; see also Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007) (per curiam). Under both 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim upon which relief can be granted. See Wright v. Miranda, 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. See Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the court may dismiss a complaint that fails "[t]o state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). "To "[a]void dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." Wright, 470 F. App'x at

694 (citing Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam)).

Complaints filed by *pro se* prisoners are held to "[l]ess stringent standards than formal pleadings drafted by lawyers[.]" Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). However, although a *pro se* pleading is liberally construed, it still must "[s]uggest that there is some factual support for a claim." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

### III. Discussion

#### A. Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of

delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999).

Here, the Court granted Plaintiff leave to proceed IFP, in part; and Plaintiff failed to pay the initial partial filing fee of $10.00 by November 20, 2020. The Court warned Plaintiff that failure to do so would result in a recommendation of dismissal. ECF No. 7. Moreover, granting Plaintiff an extension of time to pay the fee in order to avoid dismissal would be futile because his complaint fails to state a claim upon which relief may be granted.

B. Collateral Estoppel

It is well settled that a plaintiff may not seek relief on an issue previously litigated and resolved on the merits. The Supreme Court of the United States has repeatedly held:

> Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.

Allen v. McCurry, 449 U.S. 90, 94 (1980). Plaintiff is barred by *res judicata* as determined in S.D. Fla. Case No. 1:20-cv-22137. Plaintiff may not

relitigate the same issue resolved by the United States District Court for the Southern District of Florida.

C. <u>Futility of Claims under Heck v. Humphrey, 512 U.S. 477 (1994)</u>.

A prisoner may not bring a claim for damages under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction. <u>See</u> <u>Heck</u>, 512 U.S. at 487. As the Supreme Court has noted, the most obvious example of an action barred by <u>Heck</u> is one in which the plaintiff seeks relief directly attributable to conviction or confinement.

"The Court's purpose was to limit the opportunities for collateral attack on [criminal] convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." <u>Abella v. Rubino</u>, 63 F.3d 1063, 1065 (11th Cir. 1995) (internal citations omitted). Thus, unless a plaintiff can demonstrate that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," the complaint must be dismissed. <u>See</u> <u>Heck</u>, 512 U.S. at 487.

To the extent that Plaintiff's complaint is not barred by *res judicata* and might be construed differently from the one filed in S.D. Fla. Case No. 1:20-

cv-22137-MGC because Plaintiff seeks a different remedy, it is well settled that whether Plaintiff seeks damages or equitable relief is of no consequence. "A state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff is incarcerated following a conviction and pursuant to the subsequent judgment of the state court. Thus, because Plaintiff alleges his conviction is based on an unconstitutional statute, the unlawfulness of which could render his conviction invalid - his claims are barred by Heck and should be dismissed.

Finally, to the extent Plaintiff is challenging the constitutionality of his conviction, such claims are not cognizable in a Section 1983 action. It is well settled that "when an inmate raises any challenge to the 'lawfulness of confinement or [the] particulars affecting its duration,' his claim falls solely within 'the province of habeas corpus' under § 2254." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006). (citing Hill v. McDonough, 126 S. Ct. 2054, 2101 (2006)). Plaintiff attempted to seek relief on two occasions

pursuant to Section 2254 in the Southern District of Florida, which was first denied on the merits and then dismissed as an unauthorized successive petition. Dismissal is warranted in this case.

## IV. Conclusion and Recommendation

It is respectfully RECOMMENDED that this case be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A(b) as it fails to state a claim upon which relief can be granted and is otherwise barred pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Alternatively, the Court may dismiss the case for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1 and for want of prosecution. <u>See also</u> <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is also recommended that the case be CLOSED.

IN CHAMBERS at Tallahassee, Florida, on November 25, 2020.

> /s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).

A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).